UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                                          :
N.V.E., INC.                                              :       Civil Action No. 08-736 (FSH)
                                   Plaintiff,             :
                                                          :
              v.                                          :       **TRIAL MANAGEMENT ORDER**
                                                          :
JOSEPH R. DEMELO, et al.                                  :
                                                          :
                                   Defendants.            :
_____:

**IT IS** on this 6th day of July, 2009,

**ORDERED** that this matter has peremptorily been scheduled for trial with jury before the undersigned on **TO BE SET.** A pretrial housekeeping conference will take place before the undersigned on **TO BE SET**. Counsel are advised that, due to the Court's heavy criminal calendar, they are to be prepared to go to trial in this matter on very short notice, if an opening in the Court's calendar occurs. Counsel are further advised that the Court's individual Federal Practice Rules should be read carefully in preparation for trial. Along with general instructions, this order outlines certain required submissions that the parties must make in preparation for trial.

**Pretrial Submissions**

The items listed below shall be submitted to the Court no later than **July 27, 2009:**

**All submissions except trial briefs shall be made jointly**. Your attention is directed to the Pre-Trial Order with particular reference to trial briefs, proposed voir dire questions, proposed jury instructions and trial exhibits. The parties are instructed to meet and confer in person prior to filing the following joint submissions for the purpose of resolving any disputes. For those intractable disputes that cannot be resolved, the parties may include a brief addendum to any joint submission identifying the issue and the parties' respective positions (with citations to relevant caselaw). Any issues required to be identified in these submissions will be deemed waived if not presented. The parties are reminded that all papers (with the exception of exhibits) must be submitted to the Court in both hard copy and on clearly-marked diskettes, in WordPerfect 10 format. Any submissions unaccompanied by a diskette will not be accepted.

1. **Bench Book**. the parties shall submit two copies of a **joint** bench book to the Court containing the following, each individually tabbed and bound together in a three-ring binder:

          A joint submission identifying all proposed witnesses that a party actually

intends to call to the stand, a brief description of the subject matter of each witness's testimony, the proposed length of direct and cross examination for each witness and the total proposed trial time for each side. No witness substitutions will be permitted unless otherwise ordered by the Court;

A joint submission of no more than three pages containing a brief, bullet-point description of the issues remaining for trial, all pending *in limine* motions and the parties' respective positions;

A joint submission containing a neutral statement of the case, no more than one page in length;

A joint submission containing **ten (10)** additional proposed jury *voir dire* questions, including sub-parts, to be asked in addition to the Court's standard introductory questions (attached as Exhibit A);

A joint submission containing proposed jury instructions using the **Third Circuit Model Civil Jury Instructions**, wherever possible;

A joint submission containing the proposed jury verdict sheet;

Final exhibit lists in the form which will be provided to counsel by the Court; and

A copy of all prior rulings of this Court and the Magistrate Judge.

**\* Please indicate any objections in a dual column format for the Court's consideration \***

2. **Exhibits**. the parties shall submit to the Court two copies of the parties' exhibit books, with one copy to the opposing party. All exhibits should be pre-marked, tabbed and bound in three ring binders.

3. **Trial Briefs** should be filed no later than **July 27, 2009.**

4. **In Limine Motions**. All *in limine* motions must be filed and served no later than **July 27, 2009,** with responses due **August 10, 2009**. All evidentiary objections which can be reasonably anticipated must be made prior to this time. The parties are instructed to meet and confer in person to discuss any and all evidentiary issues prior to the filing of any *in limine* motion. Any evidentiary objection filed without complying with these requirements will be deemed waived.

**Please note that pendency of a dispositive motion does not alter the dates for providing the above pretrial submissions**. If you have filed a dispositive motion, the Court is

aware of it and it will be decided in advance of the trial date.  The trial date will only be vacated if the dispositive motion concludes the case.

**Demonstrative Evidence**  The parties are urged to use audio-visual equipment when they wish the jury to see a document, photograph or any other demonstrative exhibit.  It is counsel's obligation to obtain and become thoroughly familiar with all audio-visual equipment, and to plan in advance of trial how best to display documents and other exhibits.  Requests to use Court-owned equipment **must** be made to the Courtroom Deputy two (2) weeks before the start of trial.  Only in extremely rare cases will counsel be permitted to hand multiple copies of documents and/or exhibits to jurors individually.  **Counsel shall show charts and other demonstrative evidence to each other 14 days before trial so that objections can be mutually obviated or, if necessary, brought to the Court's attention.**

**Settlement**  The parties shall advise the Court if you believe a settlement conference would be beneficial.  **In order to avoid unnecessary costs to the Court, parties are strongly encouraged to settle in advance of the date set for jury selection.**  If settlement occurs on the day of trial, please be aware that the parties will be assessed the cost of bringing in a jury pool.

**Adjournments**   Adjournments will be permitted only if the lead counsel is actually on trial in another court on the date scheduled, and that trial date was firmly set prior to the date of this order.  If so, please send a **written request** for adjournment to the Court stating the judge before whom the trial is being held and a phone number where that judge can be reached.  **Because of the extremely crowded docket, adjournments for vacations, unfortunately, can rarely be granted at this time.**  You are encouraged to have another trial team member or partner handle the case if you plan to be on vacation on the trial date.  If you believe you have an unusual hardship request for an adjournment, that request must be made **in writing** to the Courtroom Deputy, Julianne Buro. **Oral requests for adjournments will not be considered.**

**Phone Calls**  All attorney telephone calls to chambers, even purely administrative **calls, must be placed between 4 p.m. and 5 p.m only.**  The only exception to this rule is for attorneys who are returning a Law Clerk's or Courtroom Deputy's call.  Further, please call only with questions that **cannot be answered elsewhere** by reference to the Local Rules of Procedure.

**Chambers Rules**  Finally, in order to save the jury's time, the parties shall familiarize themselves with the Court's individual rules.  These rules are distributed by the Magistrate Judge at the Rule 16 conference and are also appended to the New Jersey Federal Practice Rules published by Gann Law Books.

**SO ORDERED.**                                                                /s/   Faith S. Hochberg
                                                                                       United States District Judge

3

# **EXHIBIT A**

**PART ONE**

1. Is there anything about the schedule of this trial that creates a special, genuinely pressing problem for you, that is, a problem beyond the difficulties of jury service that I have already discussed with you?

2. Is there anything about the nature of this case which would influence your ability to sit on the jury and render a fair and impartial verdict in this case?

3. Do you have a special need or require a reasonable accommodation to help you in listening, paying attention, reading printed materials, deliberating, or otherwise participating as a fair juror? Do you have a problem wearing headphones, if necessary?

4. Do you know me or any members of my staff, the defendant, any attorneys or law firms in this case, any prospective witnesses or any members of the jury panel?

**PART TWO**

1. Without stating the name of your employer, what is your occupation, your job title, and how many years have you been at your present job?

2. What is your spouse's occupation, job title and length of employment?

3. How many years have you been at your current address? Do you own your home or do you rent?

4. Do you or anyone in your family have any military experience? If so, which branch, when, where, active duty or reserve duty?

5. What level of education have you completed?

6. What daily newspapers, magazines or websites, if any, do you read or visit on a regular basis?

7. What is your favorite television show?

8. What are your hobbies or recreational interests?

9. Have you had any prior jury experience? Civil or criminal?