<u>**NOT FOR PUBLICATION**</u>

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| N.V.E., Inc., <br><br>     Plaintiff, <br><br> v. <br><br> JOSEPH R. DEMELO, NORMA DEMELO, and JOSEPH R. DEMELO, NORMA DEMELO, d/b/a RESULTZ MARKETING <br><br>     Defendants. | Civil No. 08-736 (FSH) <br><br> **ORDER** <br><br><br><br> Date: December 3, 2009 |

<u>**HOCHBERG, District Judge:**</u>

This matter having come before the Court upon Defendant's motion for summary judgment; and the Court having reviewed the submissions of the parties pursuant to Fed. R. Civ. P. 78; and

it appearing that, pursuant to Fed. R. Civ. P. 56(c), a motion for summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law, *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); and

it appearing that "[s]ummary judgment may be granted only if there exists no genuine issue of material fact that would permit a reasonable jury to find for the nonmoving party," *Miller v. Indiana Hosp.*, 843 F.2d 139, 143 (3d Cir. 1988); and

it appearing that Defendants in their moving papers argue that the first-sale or exhaustion doctrine bars Plaintiff's trademark infringement claims under the Lanham Act because the ephedra-containing NVE products that they sold were authentic, genuine NVE products; and

it appearing that Plaintiff NVE responds by asserting that there was a material difference between the products sold by the DeMelos and the products sold by NVE after the April 12, 2004 FDA Final Rule banned the sale of all products containing any amount ephedra, thus negating the use of the first-sale doctrine; and

it appearing that there are genuine issues of material fact as to whether there was a material difference between the products sold by Plaintiff NVE and Defendants DeMelo and Resultz Marketing after the FDA final rule of April 12, 2004, making the complaint unsuitable for summary judgment;[1]

**IT IS** on this 3rd day of December, 2009,

**ORDERED** that the Defendant's motion for summary judgment is **DENIED**.

/s/   Faith S. Hochberg
**Hon. Faith S. Hochberg, U.S.D.J.**

---

[1] Plaintiffs contend that there is a "material difference" because they reformulated their product after the FDA ban and immediately began distribution, marketing, and sales of ephedra-free supplements. *See* Plaintiff and Defendants' Rule 56.1 Statements #24. Defendant contends otherwise. *Neutraceutical Corp. v. Crawford*, 364 F.Supp.2d 1310 (D. Utah 2005), *rev'd, Nutraceutical Corp. v. Von Eschenbach*, 459 F.3d 1033 (10th Cir. 2006), while relevant to the Defendants' case, does not entitle Defendants to judgment as a matter of law. While Defendant offers evidence that NVE sold ephedra-containing products to distributors after the April 14, 2004 FDA ban, *see* Defendant's Rule 56.1 Statement #25, 28, 31, Plaintiff raises a material question of fact as to whether those products were intended for sale in the US or only for export abroad. *See* Plaintiff's Rule 56.1 Statement #25, 28, 31. These and any other material facts will be decided by the jury. Fact finding is for the jury, although the Court notes that neither side has a clear cut case and suggests that the parties seriously consider whether a reasonable settlement is more beneficial to both sides than the expense and uncertainty of a jury trial on these facts. As counsel has been informed, trial will commence on December 14, 2009.